# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 7, 2011

## STATE OF TENNESSEE v. JUSTIN ALEXANDER DEWEESE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 17098     Lee Russell, Judge**

---

**No. M2011-00534-CCA-R3-CD** - Filed June 28, 2012

---

Upon a plea of guilty, Defendant, Justin Alexander Deweese, was convicted of child abuse of a child eight years of age or less, in violation of Tennessee Code Annotated section 39-15-401(a), a Class D felony. He submitted to the trial court to determine the length and manner of service of his sentence. After a hearing, the trial court ordered a three-year sentence of confinement. Defendant has appealed, asserting that he should receive a totally suspended sentence to be served on probation. He does not challenge the length of the sentence. Having fully reviewed the record and the briefs of the parties, we affirm the judgment of the trial court by memorandum opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Bedford County Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

James O. Martin, III, Nashville, Tennessee (on appeal); and Andrew Jackson Dearing, District Public Defender; and Michael Collins, Assistant District Public Defender, (at trial) for appellant, Justin Alexander Deweese.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Defendant tied the hands of a three-year old child behind the child's back, using a dog leash to tightly bind the child's hands, and forced the child to stand with his nose in a corner

of a room in Defendant's residence for an unknown amount of time. When discovered by law enforcement officers, they untied the tightly bound knots and noticed marks on the child's hands caused by the leash.

At the sentencing hearing, the State offered the pre-sentence report as an exhibit, and the report was admitted without objection from Defendant. Defendant's mother testified on Defendant's behalf. She stated that Defendant resided with her at the time of the sentencing hearing, and that if Defendant was given some form of probation, she would help make sure he complied with all requirements of any sentence involving release in the community. No other proof was presented.

The pre-sentence report shows that Defendant pled guilty on December 17, 2010. Subsequent to the guilty plea, but prior to the sentencing hearing, Defendant met with the probation officer who prepared the presentence report. Defendant admitted to this officer that he had smoked marijuana the day before the pre-sentence interview meeting. The officer then told Defendant that marijuana would show "positive" on a drug test for thirty to forty-five days after use. Defendant stated "that would depend on how much water he consumed," indicating his faith in a system to defeat a possible positive drug test result. Defendant was on bond after the guilty plea and before the sentencing hearing.

Defendant was on probation for a misdemeanor marijuana conviction and a misdemeanor drug paraphernalia offense when he committed child abuse. Pursuant to Tennessee Code Annotated section 40-35-102(6)(A), as a standard Range I offender conviction of a Class D felony, Defendant could be considered a favorable candidate for alternative sentencing, including full probation, absent statutorily defined "evidence to the contrary." *See* Tenn. Code Ann. § 40-35-103(1). One factor which negates a defendant from being a "favorable candidate" is found in Tennessee Code Annotated section 40-35-103(1)(C): "Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."

Defendant was on probation when he committed the offense of child abuse. While released on bond pending a sentencing hearing, he specifically admitted to smoking marijuana the day before meeting with the probation officer, and generally acknowledged that he used one gram of marijuana per day. Whether correct or not, his mindset was to beat the criminal justice system by drinking enough water to prevent a positive result from a drug test. Defendant is not an appropriate candidate for probation or any other form of alternative sentence.

**CONCLUSION**

-2-

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE